IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| O.J., by and through his mother, JENNIFER JOHNSON, § § | Case No. |
| Plaintiff, § § | **COMPLAINT** |
| v. § § | |
| TOMBALL INDEPENDENT SCHOOL DISTRICT, a Texas public school district, § § § | **DEMAND FOR JURY TRIAL** |
| Defendant. § | |

**ORIGINAL VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF PURSUANT TO FED. R. CIV. P. 65**

Plaintiff O.J.,[1] by and through his mother Jennifer Johnson, brings this action against Tomball Independent School District ("the District") for failure to accommodate O.J.'s disability in violation of the Americans with Disabilities Act ("the ADA") and Section 504 of the Rehabilitation Act ("Section 504") and files his Original Verified Complaint including a Motion for Injunctive Relief pursuant to Fed. R. Civ. P. 65 and in support thereof shows as follows:

### I.    STATEMENT OF THE CASE

1. This case concerns the District's decision to prohibit the provision of mental and behavioral health care to O.J., a four year old with autism. Plaintiff O.J.'s pediatrician has ordered medically necessary ABA services for him. Applied Behavioral Analysis ("ABA") therapy is the gold standard to help children with autism improve communication, social skills and self-direction and to reduce maladaptive behaviors. ABA services are best delivered in multiple settings, including school, home, and community so the child can generalize improved skills. Last year, O.J. attended St. Anne, a private preschool and his ABA providers were

---

[1] The child's DOB is redacted and the child is referred to as O.J. but the District knows the name of the student.

1

allowed to come with him to the school. O.J. and his twin sister begin kindergarten this fall. The District agrees O.J. has autism and is a qualified individual with a disability entitled to reasonable accommodations pursuant to the ADA/504. But it refuses to allow O.J.'s ABA therapy to be continuously provided by O.J.'s private therapists at Grand Oaks, his local elementary school. There is absolutely no cost to the District as the ABA providers are paid for by Cigna, the Plaintiffs' private health insurance. O.J.'s ABA providers would not disrupt the education of O.J. or any of his classmates, but the District has chosen to prohibit and limit the provision of ABA - medically necessary mental and behavioral healthcare. It has stated in writing that the ABA providers can accompany O.J. for the first 19 days of school and will then be banned; as of September 10, 2021, O.J. will have to rely upon district staff. This puts at risk O.J.'s health, safety and wellbeing. This will prevent O.J. from accessing educational services in Grand Oaks Elementary School, his neighborhood school with his twin sister and two other siblings; he will need to return to St. Anne if he wants to keep his ABA providers. After extensive efforts to resolve this matter through informal meetings and mediation, Plaintiffs bring this suit and seek a Preliminary Injunction (see accompanying motion).

## II.     JURISDICTION AND VENUE

2.   Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331, as this action arises under the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., ("the ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701 et seq., ("Section 504").

3.   Venue is proper in this Judicial District under 28 U.S.C. §1391(b) because all parties reside in Harris County, Texas, and because a substantial portion of the events described in this complaint occurred in Harris County, Texas, within the boundaries of the Harris County Division of the Southern District of Texas.

### III.  THE PARTIES

4. Plaintiffs O.J. and his parents reside in Tomball, Texas, within the boundaries of the District. O.J. will be five years old in September and eligible for kindergarten when school begins in the fall of 2021. School begins August 17, 2021 in Tromball ISD. At the time of each violation herein, and continuing O.J. was and is a qualified individual with a disability within the meaning of the ADA and Section 504.

5. The District is located within Harris County and is a public school district organized and existing under the laws of the state of Texas. At all times relevant herein, the District was and remains the educational agency responsible for providing O.J. with full and equal access to the public education programs and activities it offers in compliance with the requirements of federal law. The District receives federal funding and must comply with the ADA and 504.

### IV.  FACTUAL BACKGROUND

**O.J.'s Needs**.

6. O.J. will turn five in the fall of 2021. He has been identified as having autism and a speech impairment. He enjoys watching TV shows/videos and riding his scooter. He is verbal and can read but has difficulty staying on task and socially interacting.

7. On or about January 20, 2020, and again in November of 2020, Dr. Mark Barros confirmed O.J.'s autism, and developmental delay. Dr. Barros is a developmental pediatrician. O.J. was identified as having persistent deficits in social communication and social interaction, restricted and repetitive patterns of behavior, hyper reactivity to sensory input and other characteristics of mild to moderate symptoms of Autism Spectrum Disorder.

8. Dr. Barros recommended that O.J. be provided ABA as medically necessary and that

it be delivered with intensity. ABA is the standard of care for children with autism, and early intervention is key in helping children with autism achieve adequate improvement with the goal of being a key part of society in the future. Accordingly, O.J. began to receive ABA services in June of 2020. Courtney Burton, BCBA of Collaborative Autism Resources in Education (CARE) manages his ABA programming and supervises his RBTs. **Declaration of Jennifer Johnson**, **Exhibit 1 (Report of Dr. Barros).**

9. Dr. Barros stated that ABA therapy is the gold standard for autism treatment. It has been studied for decades, and has been associated with gains in language and communication, improved attention, social skills and decreases in the incidence and severity of maladaptive behaviors.

10. O.J.'s therapy is administered pursuant to a treatment plan designed and implemented by the CARE agency under the supervision of Ms. Burton, a Board Certified Behavior Analyst (BCBA). The treatment plan does not merely describe strategies to manage O.J.'s maladaptive behaviors. Instead, it establishes goals well-defined and measurable growth in O.J.'s development and abilities. The treatment plan is implemented by RBTs who are therapists with specialized training in ABA therapy and who work with O.J. one-on-one under the BCBA's supervision. ABA therapists use specialized data collection methods to track his progress toward developmental and behavioral goals which are defined in a treatment plan.

11. It is medically necessary that O.J. receive ABA therapy in multiple settings. This includes school, home and in the community so that the ABA therapy can address O.J.'s deficits across multiple settings, leading to generalization in skill development. This allows O.J. to not only make gains but to generalize the progress across settings so that the gains are permanent. During the school year, an RBT goes to the family home once a week. In the summer,

the RBT visits the home three times a week. The BCBA observes at home and is in contact with the family regularly concerning the progress and plan of care.

12. The RBT generally accompanies O.J. wherever he goes during his scheduled therapy time. O.J. attends summer camp (Tomball United Methodist Church, Houston Oaks Country club), swim team practice, gymnastics, park/playground and the library.

13. The cost of the ABA services is paid for through the parents' medical insurance.

**Declaration of Jennifer Johnson, ¶ 11.**

**ABA Services During 2020-2021 at St. Anne's.**

14. During the 2020-2021 school year, O.J. attended a pre-K classroom at St. St. Anne, a private catholic school. His twin sister, A.J. attended with him. The parents arranged for a BCBA and RBT to assist O.J. at St. Anne. The RBT attended each day with O.J. while the BCBA observed weekly and managed the plan of care. The team provided 15-20 hours per week during school hours as recommended by Dr. Barros. St. Anne staff worked cooperatively with the parents, providing the BCBA access to observe and assist O.J. at St. Anne. The school allowed the RBT on-campus daily with O.J. While at St. Anne, O.J. sat in the front of the class, and his teacher at times, would work more intensely with him during desk work time. When his RBT is present, the therapy does not appear to disrupt a classroom. As a result of O.J.'s ABA therapy program which serves him in multiple settings, he has made progress with maladaptive behaviors and other skills related to autism. His CARE team recommends that he continue with the current ABA program in his kindergarten year, necessitating access for the ABA providers to Grand Oaks.

15. O.J. can participate in rudimentary academic skills. For example, he can read, and

5

complete coloring worksheets and participate in storytime, with the assistance of his RBT. The RBT provides direction and assistance. Unfortunately, as a result of his autism, and speech impairment, O.J. needs consistent guidance with his social and behavioral skills to avoid maladaptive behaviors.

**The Request for O.J.'s ABA Providers to Accompany him to Grand Oaks**

16. O.J. will be of kindergarten age (he has a late August birthdate) when school begins in August of 2021. His home campus would be Grand Oaks Elementary, within the District.

17. Grand Oaks Elementary serves a full day prekindergarten through 4th grade with capacity for some 900 students. The school day begins at 8:30 a.m. with dismissal at about 3:50-4:15 p.m. It is anticipated that O.J. would be served at the kindergarten grade level, where the class size is approximately 20-24 students.

18. O.J.'s twin sister, A.J., would attend kindergarten at Grand Oaks Elementary and in the same classroom as O.J. In addition, O.J.'s older twin sisters have been attending and will continue to attend Grand Oaks Elementary for the 2021-2022 school year as second graders.

19. With the belief that O.J. should attend the same campus as his twin and siblings, when he was of kindergarten age, the Plaintiffs began to meet with the District during the 2020-2021 school year.

20. The Plaintiffs shared critical information about O.J. with the District, including a March 2021 evaluation by Ms. Burton.

21. Plaintiffs repeatedly requested that the District permit O.J. to attend Grand Oaks Elementary accompanied by his RBT, and supervised by CARE BCBA, Courtney Burton.

22. O.J. requires ABA therapy at school to address his mental health, behavioral and

developmental needs and to achieve full and equal access to the public education programs and activities that the District offers. O.J. does not require ABA therapy to address his educational needs as the Plaintiffs believe the teachers can provide the appropriate instructional services in the general education setting at Grand Oaks.

23. The Plaintiffs want the RBT to accompany O.J. to Grand Oaks Elementary School where O.J. will be attending kindergarten beginning August, 2021 and continuing.

24. The District has repeatedly refused to permit O.J.'s RBT and BCBA access to Grand Oaks Elementary without providing any specific detailed reasons for the refusal. For example, district staff claimed same would be "disruptive" to the educational setting and violate "privacy" of other students. The District has never provided the parents with any Board policy concerning access although it has alluded to same at times.

25. In an effort to avoid this litigation, the Plaintiffs participated in mediation on May 20, 2021. The mediation was unsuccessful.

26. On May 26, 2021, Plaintiffs specifically wrote the District and renewed their prior requests to enable O.J. to attend Grand Oaks Elementary accompanied by his RBT daily as well as have his BCBA access to supervise as necessary. They stated:

> From our experience with O.J., having his BCBA and RBT involved in his educational life on a regular basis, as they have been in his private school are crucial to his success. We want the RBT to have access to work with O.J. for the 15-20 hours per week during school hours that has been recommended by O.J.'s medical specialists. We also want the BCBA to have access to observe O.J. at school, to provide information and assistance to the RBT, and to oversee O.J.'s ABA therapy program, as is medically necessary in any ABA therapy program. We will, of course, ensure that the agency providing ABA services provides Tomball ISD with information concerning background check and insurance and liability information just as they have provided O.J.'s private school this past year. We want to stress that we are willing to continue to be responsible for the co-pay affiliated with our insurance, so there is no cost to the district to allow this reasonable accommodation.

The Plaintiffs asked for the District to respond within ten days. **Declaration of Jennifer Johnson, ¶ 11, Exhibit 2.** In the same letter, Plaintiffs declined special education services under the IDEA, 20 U.S.C. §§1400 et seq. They did not challenge a proposed IEP in an administrative process as it would have been futile to do so.

**Tomball ISD's Agreement that O.J. is a Qualified Individual under Sec. 504 and Written Intent to Exclude ABA Providers as of September 10, 2021.**

27. On June 22, 2021, Plaintiff Jennifer Johnson, and O.J.'s grandmother, Bonnie Leland (a retired teacher) met with District representative Dr. Webb to discuss a 504 plan and to again request that the District permit O.J. to bring with him his RBT and to have BCBA Burton observe him at Grand Oaks during the 2021-2022 school year.

28. The District agreed that O.J. is a qualified individual with disabilities protected by the ADA and Section 504. The District also agreed he was entitled to reasonable accommodations.

29. Despite these agreements, the District stated that the CARE ABA providers could be present at Grand Oaks but only from the first day of school (August 17, 2021) until September 10, 2021. The explanation was that the District would provide their own ABA providers, which it is training, as of September 10, 2021. **Declaration of Jennifer Johnson, ¶ 12, Exhibit 3.**

30. The District has never shared with the Plaintiffs any fact-based information that allowing O.J.'s ABA providers to begin and to continue to provide medically necessary ABA services to him at Grand Oaks Elementary would cause any disruption to the education setting.

31. Dr. Mark Barros, M.D. has continuously recommended that O.J. have ABA services as a medically necessary service. **Declaration of Jennifer Johnson**, **Exhibit 1, page 5.**

32. Courtney Burton, O.J.'s BCBA has provided a declaration concerning the medically

necessary services that O.J. needs. Burton is an experienced BCBA and works for the CARE agency providing ABA services. It is her role to design ABA programs and supervise Registered Behavior Technicians (RBTs) to carry them out. Her declaration opines that O.J. is in need of medically necessary services of about 18-20 hours during the school hours of his week. **Declaration of Courtney Burton, ¶¶ 4-5.** She explains that he needs ABA treatment to address communication, activities of daily living, restrictive and repetitive patterns of behavior, social skills and maladaptive behaviors. She notes that O.J. needs instruction and assistance in all settings, including school. Burton states that "It is imperative that O.J. receive services in a wide variety of settings to ensure all skills taught are generalized across persons, settings, and stimuli. Furthermore, without consistently implemented intervention O.J. may regress in critical skills necessitating increased and prolonged intervention. **Declaration of Courtney Burton, ¶¶ 6-8.** Ms. Burton further notes that she worked with St. Anne to provide the ABA services to O.J. in that setting during last year and that other public schools allow ABA providers without disruption. **Declaration of Courtney Burton, ¶¶ 9-11; Exhibit 1-3.** Ms. Burton affirms that it is necessary for the ABA providers to be allowed in O.J.'s school setting at Grand Oaks. **Declaration of Courtney Burton, ¶ 8, ¶11.**

  33. Dr. Pamela White, a Board Certified Behavior Analyst-PhD has offered a declaration in support of O.J.'s ABA providers working with him at Grand Oaks. **Declaration of Dr. Pam White with Rule 26 Report, Exhibits A-C.** Dr. White explains that ABA is the "gold standard" to help children with autism and that the medically prescribed services work best when the services are carried out in multiple settings so that the child can generalize across settings. **Declaration of Dr. Pam White with Rule 26 Report, ¶¶ 5-9, ¶¶ 13-14, Exhibit B. (Research References).** In the spring of 2021, Dr. White, observed O.J. at St. Anne preschool with his RBT

9

provider present. She reviewed his ABA treatment plans and spoke with Ms. Burton, the BCBA supervising the services. **Declaration of Dr. Pam White with Rule 26 Report, ¶¶10-13.** In her declaration, Dr. White explains that ABA services are provided in many preschools, private schools, and public schools. ABA providers are trained in confidentiality and are also trained to collaborate and work with a variety of stakeholders, including teachers and school staff. She explains that the ABA providers should be allowed into Grand Oaks when school begins in fall 2021 to assist O.J. to address his deficits in communication, social and self-direction skills. Dr. White notes that O.J.'s social skills are almost three years behind and his communication skills are more than 1.5 years behind. His ABA therapy provides support for these areas and critical opportunities to practice skills to improve in the areas. **Declaration of Dr. Pam White with Rule 26 Report, ¶¶15-17.** Dr. White sees no reason that the CARE RBTs and BCBAs would cause any hardship to the District or school and supports O.J. having his ABA providers at Grand Oaks Elementary. **Declaration of Dr. Pam White with Rule 26 Report, ¶¶ 18-24.** When informed that the District's plan was now to allow the ABA providers in as of August but only until September 10, 2021, Dr. White opined that she was opposed to such a plan. She specifically stated that changing a provider impacts the child, and that transition to kindergarten is an important transition; she states that to deny O.J. continued access to his ABA providers will cause him irreparable harm. She also notes that if O.J. is moved back to St. Anne, his relationship with his twin sister and two other siblings will be affected and disrupted. **Declaration of Dr. Pam White with Rule 26 Report, ¶¶ 25-28.**

### COUNT 1

### (Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. 12101 et seq.)

34. O.J. incorporates each and every allegation above as if fully set forth herein.

35. O.J. is a qualified individual with a disability under the ADA because his autism is a physical or mental impairment that substantially limits one or more major life activities. Specifically, O.J.'s disabilities impact behavioral needs, caring for himself, eating, speaking, learning, reading, concentrating, thinking and communicating. The District has conceded that O.J. is a qualified individual with a disability and entitled to the protections of the ADA.

36. The District receives federal funding and is subject to the ADA as a governmental entity, under Title II of the ADA.

37. O.J. requires ABA therapy at school as a medical treatment for his autism in order to ameliorate the symptoms of his autism and avoid harm to his mental health and development. If he is denied this therapy, O.J.'s untreated autism prevents him from enjoying meaningful access to the benefits of a public education and the deprivation of medically necessary medical services causes him real and lasting harm. The District has stated it will deny O.J. his medically prescribed ABA providers access as of September 10, 2021. The District has averred that it will do this even though the ABA providers would not fundamentally alter any District program or service system or cost the District a penny.

38. The District has violated and intends to continue to violate the ADA by excluding and/or not affording O.J. an equal opportunity to participate in or benefit from its programs and services in equal measure to the participation in or benefit afford to others.

39. The District has violated the ADA by limiting O.J. to aids, benefits, or services other than his ABA providers services and that are ineffective in affording O.J. equal opportunity to participate in the District's benefits and services as those afforded to others.

40. Indeed, the District was on notice and fully aware of O.J.'s need for ABA services as

of nearly a year ago in August, 2020. The family made a first formal request in March of 2021 and last met with the District on June 22, 2021. The District has consistently and persistently refused to permit the O.J.'s RBT to accompany him to school and his BCBA to observe him regularly at school and now seeks to exclude the ABA providers as of September 10, 2021.

41. The District has known that medically necessary ABA treatment for O.J. at school could be provided to him at no cost to the District and would not be disruptive or fundamentally alter the school setting; yet it is intent on denying access to this as of September 10, 2021.

42. As a result of the District's refusal to accommodate O.J.'s need for his ABA providers at school, O.J. is harmed. The harm will exacerbate when school begins on August 17, 2021; while the District will allow O.J. to begin with ABA providers, its stated intention to exclude the providers as of September 10, 2021 will prevent O.J. from continuing to attend Grand Oaks Elementary without this reasonable accommodation. This will result in either attending without his ABA providers or having to move after September 10, 2021 back to St. Anne. Neither is appropriate for O.J. because children with autism do not do well with change.

43. The District has intentionally discriminated against O.J. by acting with deliberate indifference to O.J.'s need for ABA therapy at school. At all relevant times, the District knew that denying O.J. this accommodation meant that by reason of his autism he was being denied and continues to be denied the benefit of programs and services offered to other, non-disabled students, namely attending school in their neighborhood school and with their siblings. O.J.'s parents have repeatedly requested that O.J. be permitted to receive his medically necessary ABA services at school, and District personnel has been fully aware of both O.J.'s need for accommodation and the mental, psychological, emotional, and developmental damage that has

resulted from their refusal to provide this accommodation. O.J.'s attendance at St. Anne has ameliorated the damage for the 2020-2021 school year but at the cost of sibling separation.

44. The District fully intends to continue to damage O.J. by its refusal as he will be separated from his siblings who will attend Grand Oaks for the 2021-2022 school year.

45. The District has most recently, on June 22, 2021 admitted that O.J. is a qualified individual with a disability protected by Section 504, but despite that now seeks to limit O.J.'s ABA providers of a medically necessary service to a limit of about a month, until September 10, 2021. The District's rationale for its new refusal position is that it can provide ABA providers. But the ADA does not require O.J. to accept the District's ABA providers any more than a person going to Disneyworld would be required to accept a wheelchair by that facility rather than their own.

46. O.J. suffers ongoing and irreparable harm as a result of the District's continued discrimination and violations of the ADA. The harm will continue until the District's conduct is declared unlawful and enjoined by this Court. There is no adequate remedy at law.

## COUNT II

### (Violation of the Rehabilitation Act, 29 U.S.C. §701 et seq.)

47. O.J. incorporates each and every allegation above as if fully set forth herein.

48. O.J. is a qualified individual with a disability under Section 504 of the Rehabilitation Act in that his autism is a physical or mental impairment that substantially limits one or more major life activities. The District has agreed that O.J. is a qualified individual with a disability, as of June 22, 2021.

49. The District receives federal funding.

50. The District has violated Section 504 of the Rehabilitation Act by failing and

refusing to make reasonable accommodations for O.J. to access the District's programs and services, by utilizing critera and methods of administration that subject O.J. to discrimination on the basis of his disability, by not affording O.J. an equal opportunity to participate in the District's benefits and services as those afforded others, including non-disabled peers, by not making reasonable accommodations, and denying him meaningful access to a public benefit.

51. The District has been and continues to be intentionally and deliberately indifferent to O.J.'s need for his ABA providers at school. Denying him this reasonable accommodation means that O.J. has been denied the benefit of programs and services offered to others by reason of his autism. This denial of access to critical programs and services has and will result in mental, psychological, emotional and developmental damage to O.J.

52. Consequently, O.J. is suffering ongoing and irreparable harm by the District's violations of the Rehabilitation Act, and the harm will continue unless and until the District's conduct is declared unlawful and is enjoined by this Court. There is no adequate remedy at law.

## VI.   APPLICATION FOR INJUNCTIVE RELIEF

53. Plaintiff O.J. seeks a preliminary injunction pursuant to Federal Rule of Procedure 65 as explained in the attached motion. Specifically, the relief sought by Plaintiff O.J. under Federal Rule of Civil Procedure 65 is for: 1) a preliminary injunction to prohibit the District from excluding, limiting or demitting the ABA providers from Grand Oaks Elementary School as of September 10, 2021.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor against the District, granting the following relief:

A. A preliminary (and after trial a permanent injunction) requiring the District to permit O.J. to receive ABA therapy from his ABA providers at Grand Oaks Elementary School without interruption; specifically that O.J.'s RBT can accompany him to school and the BCBA may observe him regularly at school when school begins on August 17, 2021 and continuing throughout the year and forbidding the District from excluding the ABA providers on and after September 10, 2021 and until any other order permitting such exclusion is issued by this Court;

B. An award of remedies, including damages to be proven at trial;

C. An award of reasonable attorneys' fees, costs, and expenses under applicable law;

D. An award of pre-judgment and post-judgment interest at the highest lawful rates;

and

E. Such other and further relief as the Court deems just and proper.

Dated this 9th day of July, 2021.

*s/Sonja D. Kerr*
Sonja D. Kerr
Lead Counsel, Counsel-In-Charge
State Bar #24095771
Connell Michael Kerr, LLP
9600 Great Hills Trail, Suite 150
Austin, Texas 78759
Telephone: (512)-637-1083
Facsimile: (512)-717-5204
Email: Sonja@cmklawfirm.com

## **VERIFICATION**

I solemnly swear under penalty of perjury under the laws of the United States that the facts averred in paragraphs 4 to 31 are true and correct and that I have personal knowledge of such facts.

Executed in Harris County, Texas.

7/9/2021

DATE

*Jennifer Johnson*

Jennifer Johnson, Plaintiff and Mother
of minor plaintiff O.J.